

# The Attorney General of Texas

September 28, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Felipe Reyna
Criminal District Attorney
McLennan County
Waco, Texas 76710

Opinion No. MW-60

Re: Use of county funds to operate a zoo.

Dear Mr. Reyna:

You have requested our opinion regarding the use of county funds to operate a zoo. Article 6081t provides:

> Section 1. In this Act, 'governmental unit' means a city, town, independent school district, or any other political subdivision.
>
> Section 2. Any other governmental unit may by agreement establish, provide, maintain, construct, and operate jointly with another governmental unit located in the same or adjacent counties, playgrounds, recreation centers, athletic fields, swimming pools, and other park and recreational facilities located on property now owned or subsequently acquired by either of the governmental units.

See also V.T.C.S. art. 6081f (county authorized to acquire and improve parks). You ask whether McLennan County may contribute funds for the operation and maintenance of, and capital improvements to, the Central Texas Zoo, which is located on property owned entirely by the City of Waco. The animals exhibited at the zoo are owned by the Central Texas Zoological Society, a nonprofit corporation.

In Attorney General Opinion H-413 (1974), this office held that, pursuant to article 6081t, a county is authorized to contribute to the construction of a swimming pool by an independent school district on land owned by the district, so long as the agreement serves a proper public purpose, results in an adequate benefit to both parties, and provides for joint participation. See Tex. Const. art. III, § 52. In our opinion, a similar rationale is applicable to the operation of the Central Texas Zoo. The

agreement between McLennan County and the City of Waco should be drawn so as to indicate clearly that a public purpose is being served and that both the city and the county will derive a benefit from its execution. In addition, the agreement should assure that the zoo is under the joint control of the parties. See also Attorney General Opinion H-93 (1973).

Although the zoo is operated by a nonprofit corporation, which also owns the exhibited animals, we do not believe that the proposed arrangement will thereby be rendered invalid. The present agreement between the Society and the City of Waco provides that the Society shall have no power to "bind the City by . . . any contract . . . or to impose any liability upon the City without [its] prior written consent." In Attorney General Opinion H-1123 (1978), this office held that a county was authorized to contract with a rape crisis center for the performance of services which the county might itself have performed. Likewise, since McLennan County and the City of Waco are authorized by article 6081t jointly to operate a zoo, we believe that they may jointly contract with the Central Texas Zoological Society to operate the facility.

### SUMMARY

A county is authorized by article 6081t, V.T.C.S., to contribute funds for the maintenance and operation of a zoo located on property owned entirely by a city.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood